**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Delbert Kenneth MAYHEW,**
**Defendant–Appellant.**

**No. 06–50153.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2006.*

Filed Dec. 19, 2006.

Becky S. Walker, Esq., Lisa M. Feldman, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Delbert Kenneth Mayhew, San Pedro, CA, pro se.

Before: CUDAHY,** GRABER, and IKUTA, Circuit Judges.

MEMORANDUM ***

Ken Mayhew was indicted on six counts of knowingly and willfully signing a mate-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

rially false tax return under penalty of perjury, under 26 U.S.C. § 7206(1). On September 15, 2004, the defendant pleaded guilty to one count of filing a false tax return pursuant to a plea agreement with the Government. The sentencing range calculated in the Pretrial Services Report was twenty-one to twenty-seven months. As part of the plea agreement, the Government agreed to recommend a sentence of twenty-four months. The district court sentenced Mayhew to thirty-six months, the statutory maximum, in part because of his unwillingness to pay back taxes owed. The court also ordered the defendant to pay $642,195, the amount referenced in the plea agreement. The court further ordered that repayment was required as a condition of supervised release. Mayhew appeals his sentence.

We have jurisdiction under 28 U.S.C. § 1291. The legality of an order of restitution is generally reviewed de novo. *United States v. Stoddard,* 150 F.3d 1140, 1147 (9th Cir.1998). However, the defendant never objected to the court's order to pay back taxes, nor did the defendant object to the court's conditioning supervised release on such order. Therefore, we review the district court's order to pay back taxes for plain error. To reverse a district court based on plain error, the error must be "clear" or "obvious" and be one that affects "substantial rights." *United States v. Olano,* 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Mayhew claims that his sentence was unreasonable because the district court erroneously considered his unwillingness to pay restitution in sentencing him above the statutory guidelines and that the court did not have the authority to order him to pay back taxes nor condition his supervised release on payment.

■ The Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663, governs the use of restitution orders in federal sentencing. Section 3663(a)(1)(A) lists a number of crimes for which an order of restitution is specifically authorized. The tax offense for which Mayhew pleaded guilty is not one of the crimes specified in this section; however, Section 3663(a)(3) provides that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). This appeal turns on whether the plea agreement authorized the district court to order restitution. We believe that it did.

Most relevant for this appeal, the plea agreement at paragraph 5 provided: "The Court may order defendant to pay any additional taxes, interest and penalties that defendant owes to the United States." In contrast to a provision which simply states that a defendant will pay back taxes, Mayhew's agreement explicitly provides for *court-ordered* payment of back taxes.[1]

Mayhew argues that the specific word "restitution" must be used in order for the district court to have the authority to order restitution. This argument is unpersuasive. Section 3663 does not require plea agreements to contain specific language. Moreover, the language in Mayhew's plea agreement, namely "[t]he Court may order," is sufficiently precise as to put Mayhew on notice of this potential component of his sentence. The district court also informed Mayhew at the plea hearing that "the court would likely order the defendant to pay all income tax owed to the government as a condition of the sentenc-

---

1. The plea agreement also contains a provision whereby Mayhew agrees to "pay at sentencing all additional taxes." Mayhew primarily relies on this provision in his argument, ignoring the language provided in paragraph 5 of the plea agreement.

ing." Regardless whether it is called "restitution" or an "order to pay money," Mayhew's plea agreement authorized it.

Mayhew's argument that paragraph 5 of his plea agreement "simply sets forth the Government's understanding of what the court was empowered to do" is equally unpersuasive. By signing the plea agreement, the defendant acknowledged that the court could order back payments. Therefore, paragraph 5 is not simply the Government's understanding of what the court could do, it is also (or, at least, should be) Mayhew's as well. It was this *joint* acknowledgment which authorized the court to order restitution pursuant to 18 U.S.C. § 3663(a)(3).

■ The defendant further contends that his thirty-six month sentence was unreasonable because the district court sentenced him to the statutory maximum sentence in order to obtain payment of back taxes, an objective which was unauthorized by the plea agreement. This argument fails for several reasons. As Mayhew failed to raise this objection to the district court, we review for plain error. First, we have already determined that the plea agreement authorized the court to order payment of back taxes, the district court did not err in considering the defendant's reluctance to pay restitution in sentencing Mayhew to the statutory maximum sentence. Title 18 U.S.C. § 3553(a)(7) provides that the court shall consider "the need to provide restitution to any victims of the offense." Moreover, the district court's consideration of the defendant's willingness to pay restitution is in line with other § 3553(a) factors, including the need to promote respect for the law and to afford deterrence. 18 U.S.C. § 3553(a)(2). At the very least, the district court's consideration of the defendant's reluctance to pay back taxes in sentencing him to the statutory maximum sentence did not constitute plain error.

Lastly, Mayhew also argues that the district court erred in ordering restitution as a condition of supervised release. Mayhew waived this argument at the sentencing hearing. In an exchange with the court, his attorney suggested that the court make "it a condition of his supervised release that he pay these monies...." Moreover, this argument also turns on whether the plea agreement authorized the court to order payment of back taxes. Since we have concluded that it did, this argument also fails. Restitution as a condition of supervised release is authorized under 18 U.S.C. §§ 3583(d) and 3563(b)(3). The district court did not err by imposing it as a condition of supervised release.

AFFIRMED.